588 A.2d 459

JOHN L. NAUGHTON, PLAINTIFF, v. BOROUGH OF SPRING LAKE, NEW JERSEY, NELSON A. CAMP TRADING AS LA MAISON GUEST HOUSE, BARBARA FURDYNA–CAMP TRADING AS LA MAISON GUEST HOUSE, HEWITT WELLINGTON ASSOCIATION, COS–LIN INC., STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division Monmouth County

October 20, 1989.

*Shebell & Schibell,* attorneys for plaintiff.

*Bathgate, Wegener, Wouters & Neumann; Wilentz, Gold-man & Spitzer; Fay, Pandolfe, Shaw, Rubino, Gilroy & Cramer;* and *John Chernoski, Attorney General of New Jersey,* attorneys for defendants.

FUNDLER, J.S.C.

This is a case in which plaintiff, John L. Naughton has challenged the constitutionality of *L.*1989, *c.* 67. Four of the six named parties in the case have moved for summary judgment with regard to this issue. They are plaintiff, John L. Naughton; defendants, Nelson A. Camp and Barbara Furdyna–Camp, both trading as La Maison Guest House; defendant, Hewitt Wellington Association; and defendant, State of New Jersey.

The aforementioned statute permits the year-round operation of hotels, guest houses, rooming houses and boarding houses situated in any municipality which borders on the Atlantic Ocean in a county of the fifth or sixth class, providing certain requirements are met. Plaintiff alleges that the statute is in the nature of special legislation and is, therefore, unconstitutional as a matter of law.

■ It must first be pointed out that in determining the constitutionality of any statute the court will not act as a "super legislature." The statute in question is presumed to be constitutional and will not be declared invalid unless it is clearly repugnant to the constitution. *Newark Superior Officers Ass'n v. City of Newark,* 98 *N.J.* 212, 486 *A.*2d 305 (1985). It is the burden of the party challenging the constitutionality of the statute to demonstrate that it clearly violates the constitution. *Ibid.*

The Supreme Court of New Jersey, in determining whether a statute constituted special legislation, set forth the following three-part test in *Vreeland v. Byrne,* 72 *N.J.* 292, 370 *A.*2d 825 (1977):

> ... we first discern the purpose and object of the enactment. We then undertake to apply it to the factual situation presented. Finally, we decide whether, *as so applied,* the resulting classification can be said to rest upon any rational or reasonable basis relevant to the purpose and object of the act. [at 300–301, 370 *A.*2d 825]

■ Plaintiff asserts that the statute in question constitutes special legislation because it applies only to municipalities located in counties of the fifth and sixth class which border on the Atlantic Ocean and wherein at least one rooming house, boarding house, guest house or hotel operates on a year-round basis and at least one of the described accommodations operates on a seasonal basis. More specific, plaintiff claims this legislation was enacted solely to benefit the owner of one particular hotel located in Spring Lake, New Jersey. However, in applying the test set down by the court in *Vreeland* to the statute in

question, it is clear that said statute does not constitute improper special legislation.

The express purpose and objective of the legislation is to increase the public's access to beaches bordering on the Atlantic Ocean by permitting certain places of accommodation, located in shore communities, to operate on a year-round basis. Limiting the application of the statute to shore communities does not render legislation "special." *Toms River Affiliates v. Dept. of Environ. Protec.*, 140 *N.J.Super.* 135, 147, 355 *A.*2d 679 (App.Div.1976). The Legislature in enacting a law, need not formulate it with mathematical certainty to absolutely ensure that every location within a certain distance of the shore is covered by the statute. *Ibid.* Nor is it unconstitutional for the Legislature to distinguish between those municipalities that have existing places of accommodation already operating on a year-round basis from those that are differently situated. *Mahwah Tp. v. Bergen County Bd. of Taxation*, 98 *N.J.* 268, 285, 486 *A.*2d 818 (1985). In this case, drawing a distinction between the aforementioned different classifications is more than reasonable and relates to a municipality's experience with year-round tourism. Also, the fact that some municipalities are currently excluded by the statute is not a permanent limitation. This limitation can be reduced, or even completely eliminated in the future as more municipalities permit places of accommodation to operate on a year-round basis.

Finally, the test set down in *Vreeland*, requires the court to determine whether the classification rests upon any rational or reasonable basis relevant to the purpose and object of the statute. The stated purpose of the statute is to increase beach access in New Jersey. It is well established that the public trust doctrine requires that New Jersey's beaches be open to all residents of the State on equal terms. *Neptune City Bor. v. Avon-by-the-Sea Bor.*, 61 *N.J.* 296, 308–309, 294 *A.*2d 47 (1972). A number of components are involved with regard to beach access including the availability of places of accommodation in shore communities. This purpose is rationally advanced by

permitting existing seasonally-operated places of accommodation to operate on a year-round basis in those shore communities in which one or more other places of accommodation are not prohibited from operating on a year-round basis. The legislative restriction, limiting the affected communities to those municipalities which have existing places of accommodation operating on a seasonal basis located within their boundaries as well as places of accommodation which are permitted to operate on a year-round basis, is practical recognition of the fact that these communities have year-round experience in dealing with, and accommodating, members of the public who reside within the municipality on a temporary basis. The court will not second-guess the Legislature under these circumstances.

"A state may undertake resolution of problems one step at a time, addressing itself to the part of the problem that seems most acute." *Newark Superior Officers Ass'n v. City of Newark*, 98 *N.J.* 212, 230, 486 *A.*2d 305 (1985). Permitting certain places of accommodation in shore communities to operate on a year-round basis is a step in the direction of making beaches bordering on the Atlantic Ocean accessible to the public on a full-year basis by increasing the number of such places of accomodation.

The motions of defendants, Nelson A. Camp and Barbara Furdyna–Camp, Hewitt Wellington Association and the State of New Jersey, for summary judgment upholding the constitutionality of the statute in question are granted.

The cross-motion of plaintiff, John L. Naughton, for summary judgment is denied.